UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 11-20421

Honorable John Corbett O'Meara

v.

JOHN ROBERT KENNEDY,

    Defendant.

_____/

# **ORDER**

This matter is again before the court on remand for resentencing from the United States Court of Appeals for the Sixth Circuit. The appellate court vacated defendant Kennedy's sentence because "[t]he district court should have addressed the nonfrivolous argument [of double counting] and explained why it was rejecting that argument." United States v. Kennedy, No. 13-1616, slip op. at 24. The government filed its re-sentencing memorandum March 5, 2015; and defendant Kennedy filed his March 16, 2015. Oral argument was heard March 19, 2015.

Defendant Kennedy was initially sentenced to 108 months, the top of the recommended guideline range of 87-108 months. Defendant argues that range

> is excessive because it doubly penalizes Mr. Kennedy for the possession of a destructive device. This factor not only raises the base offense level from 20 to 22 under U.S.S.G. § 2K2.1(a)(3), but it also results in a 2-point enhancement under § 2K2.1(b)(3).

Def.'s br. at 2. Defendant concedes, "The guidelines undoubtedly permit this double scoring," but contends that "doing so in a case like this creates an unduly harsh outcome." Id.

The Sentencing Commission notes that "offenses involving such devices cover a wide range of offense conduct and involve different degrees of risk to the public welfare depending on the type of destructive device involved and the location and manner in which that destructive device was possessed and transported." U.S.S.G. § 2K2.1, App. Note 7.

In this case the court finds that the outcome here is not unduly harsh. Defendant Kennedy has a long criminal history of possessing and igniting explosive devices, including possession of Molotov cocktails, hand grenade shells, rifle grenade shells, and incendiary ammunition. He has unlawfully possessed a machine gun and other explosives. Exhibit 40, admitted into evidence, was a schedule of a planned day in which he said he would wake up at 8:30, get the truck, get the briefcase, get the trash bag, get the pistol, get the stun gun, get the jammers, get his backpack, and on and on. In searching his residence, law enforcement agents found camouflage clothing, ammunition, manuals on explosives, explosive device components, and various internet searches on his computer that were used to locate mosques and schools and shopping centers. He called in a bomb threat to Trenton High School, disrupting school for the day as 1000 students, teachers, staff and parents were evacuated during parent-teacher conferences.

Considering all these circumstances and what clearly appears to be a very high degree of risk to the public welfare, the court finds that the double-counting or double-scoring, which defendant Kennedy concedes is "undoubtedly permitted" under the sentencing guidelines, results in a sentence of 108 months and further finds that the sentence is not unduly harsh.

## **ORDER**

It is hereby **ORDERED** that a judgment will be entered to reflect a sentence of 108 months.

s/John Corbett O'Meara
United States District Judge

Date: April 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 14, 2015, using the ECF system.

s/William Barkholz
Case Manager